UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BAYLEE LOGAN LEVITT,<br><br>Plaintiff,<br><br>v.<br><br>PRICE, *et al.*,<br><br>Defendants. | Case No. 26-12624<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION TO APPOINT COUNSEL**
**(ECF NO. 10)**

Plaintiff Baylee Logan Levitt moves for appointment of counsel. ECF No. 10. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a

lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Levitt says that he needs counsel because he has a learning disability that makes legal research efforts burdensome and that the issues involved in his case are complex. But Levitt has not shown that exceptional circumstances warrant the appointment of counsel at this early juncture in the case. Levitt has shown himself competent to represent himself, as his filings are easily understood, and his excessive force and deliberate indifference claims are not complex. Finally, Levitt's claims have not been

tested by a dispositive motion. For these reasons, Levitt's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 10, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager